IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Henry N. Harper, | : | |
| Plaintiff | : | Civil Action 2:11cv-01008 |
| v. | : | Judge Watson |
| Tribbie, Sott, Plummer & Padden and Daniel G. Padden, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Henry N. Harper, an inmate at the Chillicothe Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1] The full text of §1915A reads:

    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2) seeks monetary relief from a defendant who is immune from such relief.

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim under 42 U.S.C. § 1983 because it attacks a criminal conviction that has not been set aside and, therefore, **RECOMMENDS** dismissal of the complaint without prejudice.

The complaint alleges that the prosecutor, Daniel G. Padden, denied Harper a fair trial. It further alleges that there was insufficient evidence to support the jury's verdict of conviction. A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck,* 512 U.S. at 487. Here a judgment for plaintiff would necessarily undermine his criminal convictions, and those convictions have not been set aside. Consequently, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

---

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED without prejudice** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of the complaint to the Guernsey County Prosecutor Daniel G. Padden, 139 West 8th Street, P. O. Box 640, Cambridge, Ohio 43725.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>United States Magistrate Judge