IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Henry N. Harper,**

    **Plaintiff,**

    v.                                     **Case No. 2:11-cv-1008**

**Daniel G. Padden, et al.,**          **Judge Michael H. Watson**
                                          **Magistrate Judge Abel**

    **Defendants.**

## ORDER

Plaintiff is a prison inmate currently incarcerated at the Chillicothe Correctional Institution. On November 9, 2011, he filed this action under 42 U.S.C. § 1983, alleging that Defendant Daniel G. Padden, the Guernsey County Prosecutor, had willfully misrepresented facts to the jury at his criminal trial. On November 17, 2011, the Magistrate Judge issued an initial screening report and recommendation pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e to identify cognizable claims and to determine whether the complaint failed to state a claim upon which relief may be granted or sought monetary relief from a defendant who is immune from such relief. The Magistrate Judge recommended dismissal of the complaint without prejudice. This matter is now before the Court for *de novo* review pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's complaint contains many different examples of what he alleges as prosecutorial misconduct at trial, as well as arguments that there was insufficient

evidence to support his conviction. The Magistrate Judge found:

> A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 787 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside. *Heck*, 512 U.S. at 487. Here a judgment for plaintiff would necessarily undermine his criminal convictions, and those convictions have not been set aside.

ECF No. 7, at 2.

On objection, Plaintiff asserts that "[t]he Claim does not attack a criminal conviction," as his conviction is the subject of a pending appeal before the Ohio Supreme Court. "The Civil Action is not to attack the conviction, but to justify the corruption, injustice, and violation of the Plaintiff's United States Constitutional Rights that were violated intentionally and wilfully by Guernsey County Prosecutor Daniel G. Padden an elected official." ECF No.10, at 1. As the Magistrate Judge noted, however, Plaintiff's allegations are that "corruption, injustice, and violation" of constitutional rights caused him to be wrongly convicted of a crime. If he were to prevail in this action, it would necessarily mean that his conviction was invalid. Therefore, this lawsuit would be an attack on his criminal conviction. The sole means by which a prison inmate can challenge the conviction for which he is imprisoned is by seeking a writ of habeas corpus; he cannot use a suit claiming a violation of his constitutional rights as a substitute. *Heck, supra.*[1]

---

[1] Plaintiff argues, regarding *Heck*, that "[i]t is a shame and disgrace to let such injustice and corruption be dismissed because of a case law." ECF No. 10, at 1. A federal district court is required, however, to follow the case law precedents set by the United States Supreme Court.

2

As this action is barred by *Heck v. Humphrey*, it fails to state a claim for relief under 42 U.S.C. § 1983. Accordingly, the initial screening report and recommendation of the Magistrate Judge is **ADOPTED**, and Plaintiff's objections are **OVERRULED**. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

/s/ Michael H. Watson
Judge Michael H. Watson, Judge
United States District Court